925 F.2d 1457
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John MAO, Plaintiff-Appellant,
v.
CITY OF CHARLES TOWN, D.C. Master, Edward Braxton, Mary
Elizabeth Coyle, Q.D. Fleming, Dorothy Furr, J.
Randolph Hilton, William Kline,
Elizabeth Wall, Geraldine
Willingham,
Defendants-
Appellees.
John MAO, Plaintiff-Appellee,
v.
CITY OF CHARLES TOWN, D.C. Master, Edward Braxton, Mary
Elizabeth Coyle, Q.D. Fleming, Dorothy Furr, J.
Randolph Hilton, William Kline,
Elizabeth Wall, Geraldine
Willingham,
Defendants-
Appellants.
George RUTHERFORD, Plaintiff-Appellant,
v.
CITY OF CHARLES TOWN, James W. Grove, Sr., D.C. Master, Mary
Elizabeth Coyle, Dorothy Furr, J. Randolph Hilton,
William Kline, Elizabeth Wall, Geraldine
Willingham, Defendants-Appellees,
Edward Braxton, Defendant.
 Nos. 89-3365, 89-3376 and 89-1600.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 3, 1990.
Decided Feb. 20, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Robert R. Merhige, Jr., Senior District Judge. (CA-88-73-M, CA-88-73-M-M, CA-89-8-C-M)
 John Christian Yoder, Harpers Ferry, W.Va. (Argued), for appellants: Deborah Lawson, Shepherdstown, W.Va., for appellants Mao and Rutherford; Jan Horbaly, Burk, Va., for appellant Mao, on brief.
 Michael Douglas Lorensen, Bowles, Rice, McDavid, Graff & Love, Martinsburg, W.Va., for appellees: Charles F. Printz, Jr., Bowles, Rice, McDavid, Graff & Love, Martinsburg, W.Va., Harry P. Waddell, Steptoe & Johnson, Clarksburg, W.Va., Alfred J. Lemley, Stephen R. Brooks, Furbee, Amos, Webb & Critchfield, Fairmont, W.Va., Brickford Y. Brown, Lewis, Ciccarello & Friedberg, Charleston, W.Va., James B. Crawford, III, Charles Town, W.Va., on brief.
 N.D.W.Va.
 AFFIRMED.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and N. CARLTON TILLEY, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 This is a consolidated appeal from judgments entered for the defendants in two separate section 1983 actions[1] after verdicts for each defendant were returned by separate juries.
 
 I.
 
 2
 Mao v. City of Charles Town (Case Nos. 89-3365/3376)
 
 
 3
 Plaintiff, John Mao, who is an American citizen of Chinese national origin, owned and operated "Frank's King Pizza" restaurant in Charles Town, West Virginia. The restaurant was located in the Hilldale Shopping Center which had been a center of illegal drug activity for some time prior to the events leading to this lawsuit. Following a drug raid in April 1988, where forty criminal suspects were arrested in the shopping center, the City of Charles Town passed an ordinance providing for the closing of any private or commercial establishment that fosters, condones, or otherwise allows the sale or distribution of drugs within its establishment--as a per se nuisance. Shortly thereafter, the City instituted an action to close Mao's business, based on the newly adopted ordinance. The petition was voluntarily dismissed, but an identical suit was filed six days later. After an evidentiary hearing, the state circuit court dismissed the case.[2]
 
 
 4
 In the meantime, Mao's landlord notified him of his decision not to renew his lease. That action, according to a witness at trial, was due to pressure from Charles Town officials. In December 1988, Mao filed this section 1983 action against the City of Charles Town, Mayor D.C. Master, and eight members of the city council, alleging that the defendants discriminated against him because of his race or national origin, in violation of section 1983. Mao's complaint also contained state claims for defamation, malicious prosecution, and tortious interference with business. Defendants counterclaimed, alleging violations which the district court characterized as RICO claims.[3] The district court dismissed the counterclaim for failure to state a cause of action, and awarded Rule 11 sanctions against defendants' counsel, holding that the counterclaim was frivolous. After trial, a jury returned a verdict for defendants on Mao's complaint.
 
 
 5
 The government's evidence at trial showed that drug dealers heavily frequented the Mao establishment, that he often changed small bills into large bills for narcotics dealers, that he hid the criminals in the restaurant to avoid their detection by police, that his employees warned the drug dealers when the police were to arrive, and that Mao provided his assistant manager with money to buy narcotics and arranged for the purchase of narcotics for her.
 
 
 6
 A local police officer testified however that, despite surveillance of Mao's restaurant, he was never found to have dealt in narcotics. Both the sheriff of the county and the chief of police of Charles Town testified that they had no reason to believe or suspect that Mao ever personally used drugs. Mao also argues that even though forty suspected criminals were arrested during the narcotics raid on the Hilldale Shopping Center, and that his restaurant had been searched by federal agents, no charges were ever brought against him. He also argues that most of the damaging evidence against him was presented by witnesses who lack credibility because they had either been arrested on narcotics charges or were ex-felons.
 
 
 7
 On appeal, Mao contends that the court committed a host of errors: failure to recognize the state court's decision in his favor in the proceeding on the City's suit to close his restaurant; granting instructions relating to qualified and absolute immunity; erroneously denying his challenge to the jury foreperson; improperly instructing the jury on the malicious prosecution claim; and failing to include reasonable costs and fees in its calculation of Rule 11 sanctions against the defendants on their counterclaim.
 
 
 8
 In our view, conflicting evidence was presented to the jury which was properly instructed, and we are persuaded that the district court committed no reversible error. Likewise, we agree with the district court that the defendants' RICO counterclaim was frivolous and warranted dismissal, and we affirm the imposition and calculation of Rule 11 sanctions.
 
 
 9
 In view of the above, the judgments of the district court in Case Nos. 89-3365 and 89-3376 are affirmed.
 
 II.
 
 10
 Rutherford v. City of Charles Town (Case No. 89-1600)
 
 
 11
 This, the second of the consolidated cases, involves a different plaintiff and entirely different circumstances than contained in Nos. 89-3365 and 89-3376. Here, utilizing several theories, Rutherford sued the defendants for incidents arising out of his rejected bid to perform home improvement work under a federal program. In the Fall of 1987, a Charles Town homeowner qualified for a home improvement loan through a community development program administered by the Department of Housing and Urban Development (HUD). Daniel Jackson, a Charles Town contractor, submitted a bid for the work to the homeowner and was advised by the homeowner that two bids were required. In response, Jackson contacted plaintiff, George Rutherford, who submitted the second bid. Jackson and Rutherford are black. The evidence indicated that Rutherford never visited the property, had no experience as a rehabilitation contractor, was a full-time employee of the United States Government, completed the bid form in the presence of his purported competitor, and after completion, gave it to him for delivery to the homeowner.
 
 
 12
 The defendant, James Grove, is Director of Community Development and Building Inspections for the City of Charles Town. After the homeowner presented the bids to him, Grove wrote to the appropriate officials of HUD alleging that Rutherford had participated in anti-competitive bid practices by sharing bid information. He further stated that Rutherford may have had a conflict of interest.
 
 
 13
 Rutherford sued Grove, the City of Charles Town, the mayor, and individual council members for defamation arising out of the letter and for violation of section 1983, claiming racial discrimination and violation of his rights protected by the First, Fifth and Fourteenth Amendments to the United States Constitution. The trial court dismissed the individual council members and the jury found in favor of the City and the mayor. However, the jury found in favor of Rutherford in his action against Grove for defamation, and awarded Rutherford $1.00 in damages. Rutherford appeals.
 
 
 14
 The appeal borders on the frivolous. The judgment is affirmed.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 42 U.S.C. Sec. 1983
 
 
 [2]
 At the later section 1983 trial, the Charles Town mayor admitted that the resolution was aimed at Mao and one other business establishment
 
 
 [3]
 18 U.S.C. Sec. 1961 et seq